**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

MICHAEL MITCHELL,

          Petitioner,

          v.                                            14-CR-051-A
                                                               15-CV-1004-A

UNITED STATES OF AMERICA,             **DECISION AND ORDER**

          Respondent.

_____

Petitioner Michael Mitchell seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the petition is denied.

## BACKGROUND

On January 23, 2015, Petitioner pled guilty to five counts of bank robbery and one count of attempted bank robbery, all in violation of 18 U.S.C. § 2113(a). Several months later, the Court sentenced Petitioner principally to concurrent sentences of 108 months' imprisonment on each count. Judgment was entered on May 26, 2015.[1] Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Docket No. 69. Petitioner makes two claims for relief. First, he argues that his attorney, Michael L. D'Amico, Esq., "failed to file a timely appeal after being instructed to do so." *Id.* at 5. In response to this claim, the Court directed Mr. D'Amico to file an affidavit stating, among other things, whether Petitioner asked him to file a notice of appeal. Mr. D'Amico has filed an affidavit stating that Petitioner "[n]ever

---

[1] The Court signed the Judgment and Commitment Order on May 1, 2015. *See* Docket No. 51. The Judgment was not "entered on the . . . docket", however, until May 26, 2015. Fed. R. App. P. 4(b)(6).

1

requested an appeal be filed by [Mr. D'Amico], either before or after sentencing." Docket No. 85 ¶ 4.

Petitioner's second claim for relief is that Mr. D'Amico "failed to negotiate a fair plea agreement." *Id.* at 6. Specifically, Petitioner argues that Mr. D'Amico "failed to make a strategy and secure a fair plea bargain. Instead, counsel rushed the case and accepted to have his client plea out to a harsh prison term. Had counsel in fact, prepare a made defense [sic], the out come of this case would have been completely different and a much lesser sentence would have been rendered." *Id.*

## DISCUSSION

The Court considers each of Petitioner's arguments in turn.

### 1. Alleged failure to file a notice of appeal

"When a defendant claims that his attorney failed to file a requested notice of appeal," the district court must hold "a hearing . . . to determine whether the client requested the appeal."[2] *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006). But a district court also has "discretion to exercise [its] common sense" "to expand the record without conducting a full-blown testimonial hearing." *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (quotation marks omitted). For instance, "when counsel has submitted a detailed affidavit" in response to his former client's claims of ineffective assistance, a court ordinarily need not conduct an evidentiary hearing. *United States v. Hernandez-Uberia*, No. 07 Cr. 378-03(SHS), 2010 WL

---

[2] In response to Petitioner's argument regarding a notice of appeal, the Government relies on the appeal waiver in Petitioner's plea agreement. Specifically, the Government argues that Petitioner could not have been prejudiced by Mr. D'Amico's alleged failure to file a notice of appeal because, in light of the appeal waiver, any appeal would have been meritless. *See* Docket No. 78 ¶¶ 9-10. The Second Circuit, however, has rejected this argument on several occasions. *See, e.g.*, *Daragjati v. United States*, 598 F. App'x 50, 51-52 (2d Cir. 2015). The Court must therefore determine whether Petitioner did, in fact, ask Mr. D'Amico to file a notice of appeal. *See id.* (identifying this as the appropriate response to a § 2255 claim alleging failure to file a notice of appeal).

2

1948586, at *2 (S.D.N.Y. May 11, 2010). As noted, Petitioner's former counsel filed a detailed affidavit stating, among other things, that Petitioner did not ask counsel to file a notice of appeal, "either before or after sentencing." Docket No. 85 ¶ 4.

"Th[e] Court accepts counsel's affidavit over petitioner's bare assertions and concludes on this basis of this expanded record that the taking of live testimony is not necessary to evaluate petitioner's claims." *Id.* *See also Fermin v. United States*, 859 F. Supp. 590, 602 (S.D.N.Y. 2012) ("[W]ith only [petitioner's] own conclusory allegations to support [his] claim, and without any indication that an evidentiary hearing or any other discovery would be fruitful, the Court denies [petitioner's] claim without a hearing.") The Court therefore finds that Petitioner did not, as he claims, ask his attorney to file a notice of appeal. Petitioner's ineffective-assistance claim on that ground is therefore without merit.

### 2. Alleged failure to negotiate a "fair" plea agreement

Petitioner's second argument is that Mr. D'Amico was ineffective for failing to negotiate a "fair" plea agreement. Docket No. 69 at 6.

This claim is foreclosed by the collateral-attack waiver in Petitioner's plea agreement. In his plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence by the Court which falls within or is less than the sentencing range for imprisonment." Docket No. 39 ¶ 28. The sentencing range contemplated by the plea agreement was 87 to 108 months' imprisonment. *See id.* ¶ 17. At sentencing, the Court found that the applicable Sentencing Guideline range was the same as that contemplated by the plea agreement. The Court then sentenced

Petitioner to a 108-month term of imprisonment—that is, a term of imprisonment within the agreed-to Guideline range.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e]." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). As a result, a court may disregard a collateral-attack waiver in only a few narrow circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.* Petitioner has not alleged that the collateral-attack waiver in his plea agreement is unenforceable for any of these reasons, or for any other reason.

However, because Petitioner is proceeding *pro se*, the Court must read his pleadings "to suggest the strongest arguments that can be made" to ignore the collateral-attack waiver. *Weixel v. Board of Ed. of City of New York*, 287 F.3d 138, 141 (2d Cir. 2002). None is apparent from the record. Petitioner's only conceivable argument for overlooking the collateral-attack waiver is that, at sentencing, the Government initially asked for an above-Guidelines sentence of 240 months' imprisonment. But the Government later withdrew its request after questioning by the Court. *See* Sentencing Tr. 12:25-14:3. And, in any event, the Government's advocacy did not breach the plea agreement, which specifically permitted the parties "to recommend a sentence outside the Sentencing Guidelines range." Docket No. 39 ¶ 18.

4

The record is otherwise devoid of any reason why the Court should ignore the plea agreement's collateral attack waiver. Indeed, the transcript of Petitioner's plea shows, quite clearly, that Petitioner knowingly, intelligently, and voluntarily entered into the plea agreement, and that he understood each of its terms.

Petitioner's claim that Mr. D'Amico failed to "secure a fair plea bargain" is therefore without merit.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 69) is denied.[3] Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should he decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the

---

[3] Petitioner asks that, pursuant to 28 U.S.C. § 753(f), the Court provide him with for a free copy of his sentencing transcript so that he may prepare a memorandum in support of his claim. Transcripts of Petitioner's plea and sentencing have been filed (Docket Nos. 77 and 73, respectively), and the former has been served on Petitioner. *See* Docket No. 78-2. After review of Petitioner's § 2255 petition, as well as Mr. D'Amico's affidavit, the Court finds that Petitioner's sentencing transcript is not "needed to decide the issue[s] presented by the suit," 28 U.S.C. § 753(f), i.e., whether Mr. D'Amico failed to file a notice of appeal, and whether Mr. D'Amico failed to negotiate a "fair" plea agreement. Nonetheless, because the transcript has been filed, and because the Court has reviewed the transcript in its consideration of Petitioner's motion, pursuant to 28 U.S.C. § 2250, the Court directs the Clerk of the Court to furnish Petitioner with a copy of his sentencing transcript. *See* Docket No. 73. To the extent Petitioner seeks leave to file a memorandum in support of his § 2255 petition, that motion is denied as unnecessary to resolve the issues raised in the petition.

5

time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 15-CV-1004-A. Further, pursuant to 28 U.S.C. § 2250, the Clerk of the Court is directed to furnish Petitioner with a copy of his sentencing transcript (Docket No. 73), together with a copy of this Decision and Order.

**SO ORDERED.**


Dated: June 27, 2017            *s/Richard J. Arcara*
    Buffalo, New York          HONORABLE RICHARD J. ARCARA
                                  UNITED STATES DISTRICT JUDGE